# UNITED STATES COURT OF APPEALS

# FOR THE FEDERAL CIRCUIT

**Seth A. Hooper,**

Appellant,

v.                                         **Case Number: 26 - 1269**

**Douglas A. Collins,**

**Secretary of Veterans Affairs**

Appellee.

---

## APPELLANT'S INFORMAL REPLY BRIEF (Form 17)

---

**Seth Hooper, pro se**
**314 Parkview Avenue**
**Ocean, NJ 07712**
**hooperseth@gmail.com**
**(804) 887-9862**

**Form 17**
**July 2020**

# 1.Have you received a copy of the respondent/appellee's response brief?

Yes, the Appellant has received the Secretary's Brief and Appendix

# 2.What are your arguments in response to the respondent/appellee?

## I. The Secretary Misstated the Jurisdiction of this Court

This Court has jurisdiction under 38 U.S.C. § 7292(a) and the All Writs Act, 28 U.S.C. § 1651(a), to review the Veterans Court's denial of mandamus relief. The question presented is a pure question of law: whether mandamus is the proper mechanism to enforce a Veterans Court mandate after the Board has replicated the same legal error previously vacated in two prior remands. Mandamus lies to prevent a lower tribunal from frustrating the mandate of a reviewing court or denying meaningful judicial review. United States v. District Court, 334 U.S. 258, 263 (1948). This Court has likewise recognized that writ relief is appropriate where ordinary appellate remedies are no longer adequate to secure compliance with governing law. Martin v. O'Rourke, 891 F.3d 1338, 1345–46 (Fed. Cir. 2018). Because this appeal concerns the scope of mandamus and the adequacy of appellate remedies—not entitlement to benefits—it falls squarely within this Court's jurisdiction. The Secretary's response misstates both the posture of this case and the question presented. This Court **is not** being asked to decide the merits of the Veteran's TBI claim, the proper effective date, or whether benefits should be awarded. It is being asked to decide a single legal issue:

> **Whether mandamus is the proper mechanism to enforce the mandate issued in CAVC No. 25-1028, after the Board replicated the same legal error previously identified and vacated by the Court in CAVC #20-4564 and CAVC #22-4351.**

That question falls squarely within this Court's jurisdiction.

In CAVC #20-4564 Memorandum Decision dated November 18, 2021, the Veterans Court

vacated the Board's decision:

> *"Because Mr. Hooper's challenges to the finality of the decision denying him benefits for a dental disability and his request to reopen his claim for a dental disability may be pending and because the Board made no findings to explain whether his TBI claim could be construed as part of his original claim for a dental disability, the Court finds that remand is required."* (Appx61)

The CAVC goes on to instruct the BVA in the following manner:

> *"[T]he part of the June 30, 2020, Board decision that (1) determined that a claim for a dental disability had been withdrawn and (2) denied entitlement to an earlier effective date for benefits for TBI is VACATED and the matters are REMANDED for readjudication consistent with this decision."* (Appx63)

In CAVC #22-4351 Memorandum Decision dated August 24, 2023, the Court again vacated for

the same failure, expressly noting that the Board had not corrected the identified analytical

defect:

> *"The Court finds only that the Board did not provide sufficient rationale for the Court to review its decision. ...Without sufficient analysis of Mr. Hooper's arguments, including factual findings concerning the nature of his original claim and a discussion of how the Board applied the law, the Court finds that remand is again required concerning the appropriate effective date for the award of benefits for TBI."* (Appx53)

The CAVC goes on to instruct the BVA in the following manner:

> *"[T]he part of the July 19, 2022, Board decision that denied entitlement to an earlier effective date for benefits for TBI is VACATED and the matter is REMANDED for readjudication consistent with this decision."* (Appx55)

In CAVC #24-8021 Memorandum Decision dated May 30, 2025, the Veterans Court itself

recognized that the Board's subsequent decision replicated the same TBI legal error identified in

the two prior remands in the following manner:

> *"[The Veteran] cites medical evidence of record at the time of his initial application and which he referred to in his initial application for VA benefits. He argues that these records showed that he had TBI, and that under Shea, the records were enough to raise claim for benefits for TBI at the time of his initial*

*application. The Secretary concedes that the Board erred in this part of its analysis. The Court agrees."* (Appx44-45)

The CAVC goes on to instruct the BVA in the following manner:

*"Upon consideration of the foregoing analysis, the record of proceedings before the Court, and the parties' pleadings, the Court VACATES the October 30, 2024, Board decision and REMANDS the matter for readjudication consistent with this decision."* (Appx46)

The Court further reiterated that Shea requires VA to look beyond the four corners of the application when the application points to other evidence. Id. The remand therefore required a **new, Shea-compliant claim-identification analysis**, not a restatement of prior conclusions.

On remand, however, the September 9, 2025 Board decision again reached the identical dispositive finding that had already been vacated three prior times. Measured against the explicit requirements of 24-8021, the September 9, 2025 Board decision does not reflect compliance with the Court's mandate. The Board quoted the correct legal standards but re-applied the same reasoning the Court rejected, substituted diagnosis analysis for claim identification, relied on rationales foreclosed by the Court's factual findings, and reached the same dispositive conclusion previously vacated. That sequence reflects a failure to adhere to the law of the case and the mandate rule, not a permissible reweighing of evidence. At that point, the legal issue was no longer whether the Board erred, but whether the adjudicatory system could lawfully continue to rely on repetitive remand without enforcement. After three remands addressing the same legal defect, a fourth appeal raising the same Shea error would be formally available but practically futile. At that stage, mandamus is not an extraordinary shortcut; it is the only mechanism capable of enforcing the Court's mandate and preserving the integrity of judicial review.

Accordingly, the issue before this Court is narrow and legal: whether the Veterans Court may deny mandamus enforcement of its own mandate after acknowledging that the Board has repeated the same error previously vacated in two earlier remands. Because that question concerns the scope of mandamus and the adequacy of appellate remedies, it is reviewable de novo, and the Secretary's attempt to reframe it as a merits dispute should be rejected.

## II. The Secretary's Response Does Not Engage the Legal Questions Presented by the Mandamus Appeal

The Secretary's response does not answer the appeal before this Court. At every turn, it substitutes a different case—one framed as a merits dispute over effective dates and isolated disabilities—while avoiding the legal error actually challenged. The Appellant does not seek entitlement, factfinding, or application of benefits law to disputed evidence. Instead, he seeks enforcement of binding mandates, favorable findings, and nondiscretionary adjudicatory duties that the Veterans Court itself acknowledged but refused to compel

### A. The Secretary Ignores the Mandates That Control the Lawfulness of the Mandamus Denial

The Secretary's response relies almost exclusively on the Veterans Court's order denying mandamus (SAppx1–3) and does not include, analyze, or meaningfully engage with the prior memorandum decisions that created and defined the mandate at issue. That omission is not incidental; it is dispositive. In a mandate-enforcement case, the operative question is not whether mandamus was denied, but whether that denial was lawful in light of what the Veterans Court previously decided and required. The scope and content of the Court's prior remands are therefore not background facts—they are the legal predicates for determining whether enforcement was required.

By presenting only the denial order, the Secretary asks this Court to review the Veterans Court's action in isolation, stripped of the procedural history that gives mandamus its force. The Secretary does not analyze whether the prior remands imposed enforceable obligations on the Board, whether those obligations were satisfied, or why repetition of the same vacated reasoning does not constitute noncompliance. Nor does the Secretary address the Veterans Court's express acknowledgment in CAVC No. 24-8021 that the Board had again committed the same Shea error previously identified in earlier remands.

That approach does not supply a legal rule supporting denial of mandamus; it supplies only a conclusion. Appellate review, however, requires examination of the legal correctness of that conclusion, not deference to its existence. Whether mandamus was properly denied depends on whether ordinary appellate review remained adequate and whether the Board complied with binding mandates—questions that cannot be answered without reference to the prior remand decisions themselves.

Because the adequacy of alternative remedies and the propriety of mandate enforcement can be evaluated only by examining the prior remands, the Secretary's failure to place those decisions before this Court leaves the mandamus denial unsupported by the very record necessary to justify it. Accordingly, the Appellant's discussion of the prior memorandum decisions is not an attempt to relitigate the merits of the underlying claim. It is required to demonstrate why remand had become ineffective, why appellate review was no longer adequate, and why mandamus was necessary to preserve the binding force of the Veterans Court's own mandates. Without that context, the Secretary's position would reduce mandate enforcement to a nullity and permit repeated, acknowledged noncompliance to evade judicial review altogether.

## B. The Secretary Errs by Reframed Cases as a Merits Dispute instead of Mandate Enforcement

On pages 1–2 and 12–13 of the Secretary's brief, the Secretary reframes the appeal as a dispute over the effective date for service connection for TBI and argues that the case therefore turns on claim identification and application of 38 C.F.R. § 3.400. However, this attempts to reframe the argument the Appellant made on pages 2–6 of the Appellant's Informal Brief, where the Appellant expressly disclaimed any request for merits adjudication and instead challenged the Veterans Court's refusal to enforce binding favorable findings and prior remand mandates through mandamus. The Appellant did not ask this Court to determine the proper effective date, to identify a claim in the first instance, or to apply § 3.400 to the facts. Rather, the Appellant asked whether the Veterans Court committed legal error by treating a petition seeking enforcement of nondiscretionary legal constraints as impermissible "merits review." Therefore, the Secretary's merits-based reframing does not respond to the argument actually presented and cannot defeat jurisdiction over the legal question raised.

## C. Treating the Existence of Appeal as Dispositive Against Mandamus

On pages 5–6 and 10–12 of the Secretary's brief, the Secretary argues that mandamus was properly denied because ordinary appellate review remained available and that mandamus cannot substitute for appeal, even where hardship or delay results. However, this attempts to reframe the argument the Appellant made on pages 3–6 of the Appellant's Informal Brief, which did not dispute the formal availability of appeal but instead challenged the Veterans Court's failure to assess the *adequacy* of appeal after multiple remands for the same acknowledged legal error. The Appellant's argument was that repeated vacatur and remand without correction rendered appeal practically incapable of enforcing nondiscretionary legal obligations. Therefore, the Secretary's

Form 17
July 2020

reliance on availability alone misstates the governing mandamus inquiry and does not address the Appellant's contention that the Veterans Court applied the wrong legal standard as a matter of law.

### D. Characterizing the Appeal as Fact-Bound or Application of Law to Fact

On pages 6–9 and 10–14 of the Secretary's brief, the Secretary asserts that this Court lacks jurisdiction because the Veterans Court merely applied settled mandamus law to the facts and that the Appellant seeks review of factual determinations or application of law to fact. However, this attempts to reframe the argument the Appellant made on pages 2–4 and 6–9 of the Appellant's Informal Brief, where the Appellant identified the Veterans Court's threshold legal determination—that enforcement of binding favorable findings and mandate compliance constitutes impermissible "merits review"—as the error on appeal. The Appellant did not ask this Court to reweigh evidence, resolve factual disputes, or review the Board's merits determination. Instead, the Appellant challenged the legal framework the Veterans Court applied in denying mandamus and its conclusion that appeal remained an adequate remedy despite a record of repeated noncompliance. Therefore, the Secretary's attempt to characterize the appeal as fact-bound does not engage the legal questions actually presented for review.

### E. The Secretary Attempts Impermissible Factfinding

On pages 1–2, 12–13, and 14–15 of the Secretary's brief, the Secretary further reframes this case as involving "TBI only," implicitly asking this Court to accept that the claim stream can be cleanly separated from migraines and PTSD. However, this attempts to reframe the argument the Appellant made on pages 2–6 and 9–13 of the Appellant's Informal Brief, which relied on the Board's own September 9, 2025 decision and the VA-adopted medical nexus evidence

attributing TBI, migraines, and PTSD to the same in-service head trauma. The Board did not find that this case involved TBI in isolation; to the contrary, it expressly discussed multiple nexus opinions linking all three conditions to a single causal event.

By narrowing the case to "TBI only," the Secretary substitutes a litigation-driven factual characterization for the Board's adjudication and invites this Court to reinterpret the medical record. That is jurisdictionally barred. This Court may not make or accept factual determinations not made by the Board in the first instance. *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000). Therefore, the Secretary's argument cannot support denial of mandamus and instead confirms that the only issue properly before this Court is whether the Veterans Court misapplied mandamus law by refusing to enforce its mandate in the face of repeated noncompliance.

## Conclusion

None of the Secretary's arguments defeats that claim. The existence of an appeal does not establish adequacy where repeated remands have failed to secure compliance. Labeling enforcement as "merits review" does not transform a legal error into a discretionary judgment. And narrowing the case to "TBI only" contradicts the Board's own decision and invites impermissible factfinding by this Court. Each reframing depends on premises this Court may not accept and doctrines that do not apply to mandate enforcement. Stripped of mischaracterization, only one issue remains: whether the Veterans Court erred as a matter of law by denying mandamus after repeated noncompliance rendered remand ineffective and left binding legal constraints unenforced. Because the Secretary offers no answer to that question, his response cannot support dismissal or affirmance.

Form 17
July 2020

### III. The Court of Appeals for Veterans Claims misapplied mandamus law by denying relief to enforce its own mandate after the Board of Veterans' Appeals replicated the same legal error previously vacated, thereby rendering ordinary appellate review inadequate as a matter of law.

An appellate court has inherent authority to enforce compliance with its mandates, and mandamus may issue where a lower tribunal frustrates or obstructs enforcement of a reviewing court's judgment. *United States v. District Court*, 334 U.S. 258, 263 (1948). Mandamus is appropriate when a petitioner demonstrates (1) a clear and indisputable right to relief, (2) the absence of an adequate alternative remedy, and (3) that issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004). The availability of appeal in theory does not defeat mandamus where ordinary appellate review is practically incapable of securing compliance with governing law. *Martin v. O'Rourke*, 891 F.3d 1338, 1345–46 (Fed. Cir. 2018). Enforcement of a mandate is distinct from merits adjudication; it concerns whether the required legal framework was applied, not whether the ultimate outcome was correct.

In CAVC #24-8021 Memorandum Decision dated May 30, 2025, the Veterans Court itself recognized that the Board's subsequent decision replicated the same TBI legal error identified in the two prior remands. After the Board has replicated the same error a fourth time, the issue ceases to be one of ordinary adjudicatory error has now become one of noncompliance with judicial mandate. Consequently, the Appellant sought mandamus not to obtain a favorable merits outcome, but to compel the Board to comply with the mandate by correcting the legal error previously identified in CAVC #20-4564, CAVC #22-4351, CAVC 24-8021. The Veterans Court committed legal error by denying mandamus relief to enforce its own mandate after the Board replicated the same legal error previously vacated. Because repeated remand rendered ordinary

appellate review inadequate as a matter of law, mandamus was the appropriate mechanism to enforce compliance.

## IV. The Veterans Court's Denial of Mandamus to Enforce Its Own Mandate Violates Due Process by Rendering Judicial Review Ineffective

This appeal does not seek review of entitlement to benefits, factfinding, or the weight of the evidence. It concerns a **legal failure in the enforcement of judicial mandates**. Specifically, the question is whether the Veterans Court may deny mandamus relief to enforce its own remand mandate **after acknowledging that the Board replicated the same legal error previously vacated**, on the ground that enforcement would constitute impermissible "merits review." As applied here, that denial deprived the appellant of **meaningful judicial review** and rendered the Court's mandate **functionally unenforceable**, in violation of due process.

### A. Enforcement of a judicial mandate is distinct from merits adjudication

A remand mandate issued by the Veterans Court is binding as a matter of law. Its enforcement does not require the Court to decide entitlement or to substitute its judgment for that of the Board; it requires only a determination that the Board **performed the legal analysis the Court ordered**, rather than repeating the same vacated reasoning. Where a court vacates a decision for application of an incorrect legal framework and orders readjudication "consistent with this decision," the mandate requires application of the corrected framework—not reiteration of the same dispositive conclusion through recharacterized reasoning.

Here, the Veterans Court expressly acknowledged in CAVC No. 24-8021 that the Board had again committed the same Shea error identified in the two prior remands, and that the Secretary conceded the error. The mandate therefore required a **Shea-compliant claim-identification**

**analysis**. On remand, however, the Board again reached the identical dispositive finding previously vacated, relying on the absence of an explicit diagnosis, invoking "no fishing expedition" rationales foreclosed by the Court's factual findings, and substituting diagnosis-based analysis for claim identification.

Determining that a lower tribunal has failed to comply with a mandate by repeating the same legal error does not require merits adjudication. It requires only comparison of the ordered legal framework with the analysis actually performed. By treating such enforcement as impermissible merits review, the Veterans Court collapsed the distinction between **compliance review** and **substantive adjudication**, effectively insulating its mandates from enforcement.

## B. After repeated noncompliance, ordinary appellate review was inadequate as a matter of law

Mandamus turns not on whether an alternative remedy exists in theory, but on whether it is **adequate in practice**. After three remands vacating decisions for the same Shea defect, further appeal was formally available but **demonstrably incapable of securing compliance**. Each prior appeal resulted in vacatur and remand, followed by replication of the same error. At that point, remand ceased to function as a corrective mechanism and became a procedural loop. The Veterans Court's denial of mandamus rested on the premise that another appeal remained available. That premise misapplies mandamus law. A remedy that repeatedly fails to enforce a governing legal rule is inadequate as a matter of law. When a court's own remand orders do not produce compliance, mandamus is not an extraordinary shortcut; it is the **only mechanism capable of preserving the effectiveness of judicial review**.

## C. Denial of enforcement rendered the Court's mandate nonbinding and judicial review illusory

By denying mandamus on the theory that enforcement would entail merits review, the Veterans Court allowed the Executive to treat a judicial mandate as discretionary. The appellant was left with a right that existed in law but could not be enforced in fact: the right to have his claim adjudicated under the correct legal framework the Court itself had identified. That result implicates due process. Judicial review is not meaningful if a prevailing party cannot obtain compliance with a court's judgment. A system that permits a court to vacate agency decisions repeatedly for the same legal error, yet denies any mechanism to enforce correction of that error, transforms judicial review into an advisory exercise. The Constitution does not require courts to supervise agency adjudication indefinitely, but it does require that **judicial mandates have binding effect**.

## D. The Veterans Court's error is legal and reviewable

This Court is not being asked to review facts, weigh evidence, or decide entitlement. The error asserted is purely legal: the Veterans Court misapplied mandamus law by treating mandate enforcement as merits review and by concluding that further appeal was an adequate remedy after repeated acknowledged noncompliance. That determination concerns the **scope of mandamus**, the **adequacy of alternative remedies**, and the **enforceability of judicial mandates**—all questions of law within this Court's jurisdiction under 38 U.S.C. § 7292(a).

## Conclusion

This appeal presents a single dispositive question of law within this Court's jurisdiction under 38 U.S.C. § 7292(a): whether the Court of Appeals for Veterans Claims applied the correct legal framework in denying mandamus relief after the Board of Veterans' Appeals replicated the same legal error repeatedly vacated by that Court, rendering ordinary appellate review inadequate as a matter of law. The Appellant does not seek review of entitlement, factfinding, or application of law to disputed facts. He seeks enforcement of binding statutory and judicial commands that the Veterans Court itself issued and acknowledged.

The Secretary's response does not supply a legal basis for denying that enforcement. It does not identify any rule under which mandate enforcement may be treated as impermissible "merits review," nor does it address how appellate review remains adequate after multiple remands have reproduced the same vacated reasoning. Instead, the Secretary relies on reframing the appeal as a merits dispute, invoking the formal availability of appeal without addressing its legal adequacy, and treating the existence of a mandamus denial as dispositive rather than reviewable. None of those propositions answers the question presented here: whether the Veterans Court misapplied mandamus law by refusing to enforce its own mandate.

Mandate enforcement is not discretionary merits adjudication. It is a core judicial function. Where a lower tribunal reiterates the same vacated reasoning after multiple remands, and where further appeal predictably fails to secure compliance with binding legal constraints, remand ceases to be an adequate remedy within the meaning of the All Writs Act. At that point, denial of mandamus is not an exercise of discretion but a legal error. By treating enforcement itself as impermissible merits review, the Veterans Court nullified the binding force of its prior decisions and deprived 38 U.S.C. § 5104A of any meaningful mechanism of enforcement.

Because the Secretary offers no legal rule that would permit denial of mandamus under these circumstances, and because the Veterans Court applied an incorrect legal framework in refusing to enforce its own mandate, the denial of mandamus cannot stand. The Court must therefore reject the Secretary's reframing, recognize the appeal as presenting a pure question of law, and require application of the correct mandamus standard to determine whether enforcement of the Veterans Court's mandate is required.

## 3. Are there other arguments you wish to make?

No, the Appellant rests on the contents of this Informal Reply Brief and the Informal Brief.

Respectfully Submitted on January 29, 2026,

Seth Hooper, pro se
314 Parkview Avenue
Ocean, NJ 07712
(804) 887-9862

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2026, I electronically filed this brief using the CM/ECF system of the United States Court of Appeals for the Federal Circuit, which will automatically serve notice on counsel for the  Appellee:

Oliver J. McDonald
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, D.C. 20044
(202) 305-0168
Oliver.J.McDonald@usdoj.gov

Seth Hooper, pro se